## In re GRAND JURY PROCEEDINGS, George Joseph HELLMANN.

### No. 85–5033.

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 30, 1985.
Decided Feb. 8, 1985.

---

Len W. Ogden, Jr., Frank E. Haddad, Jr., Louisville, Ky., for appellant.

Ronald Meredith, U.S. Atty., R. Kent Westberry, Alan E. Sears, Asst. U.S. Attys., Louisville, Ky., for appellee.

Before KEITH, MARTIN and KRUPAN-SKY, Circuit Judges.

KEITH, Circuit Judge.

Appellant George Hellmann appeals from a district court order directing him to provide voice exemplars pursuant to a grand jury subpoena and from a Judgment of Commitment for Civil Contempt.

Appellant appeared before the grand jury on January 8, 1985. An Assistant United States Attorney asked appellant if he would provide the Federal Bureau of Investigation (FBI) with a voice exemplar consisting of statements allegedly stated by a bank robber during an October 1984 robbery of a bank in Louisville, Kentucky. In response, appellant asserted his privileges under the fourth and fifth amendments and refused to answer.

The government immediately moved the District Court of the Western District of Kentucky to issue an order directing appellant to provide the voice exemplars. After a hearing in chambers, the court granted the motion and ordered appellant to comply with the grand jury's request. Appellant reappeared before the grand jury but again refused to respond. The court found appellant in civil contempt and ordered him incarcerated pursuant to 28 U.S.C. § 1826(a). Appellant was denied bail pending appeal and is presently incarcerated in a county facility in Louisville.

**Contempt Hearing**

Appellant contends that his rights to confront and cross-examine witnesses, and to due process of law under the fifth and sixth amendments were abrogated at the Contempt Hearing held January 9, 1985. At the hearing, appellant's counsel attempted to cross-examine an FBI agent who testified she had obtained evidence indicating appellant was involved in the bank robbery. Appellant's counsel also asked the agent to explain the method used by the FBI to reach this conclusion, the details of evidence against appellant and the physical conditions in which the agent intended to tape the voice exemplars. Hearing Transcript at 30–31, 40–41. The court sustained objections to these questions, ruling that the government was not required to disclose all of its evidence at a civil contempt hearing. In addition, the court overruled defense objections to the agent's direct testimony about the FBI requirements for voice exemplars. Hearing Transcript at 25–66. Appellant argues on appeal that the court's rulings denied him adequate cross-examination and the right to confront FBI experts who require verbatim voice exemplars. We do not agree.

The scope of a hearing pursuant to 28 U.S.C. § 1826 is limited to the determination of whether a recalcitrant witness has just cause to refuse compliance with a court order directing that witness to provide information to a grand jury. *See* 28 U.S.C. § 1826(a). In our view, the hearing transcript in this case establishes that appellant was given sufficient latitude on cross-examination to develop his proof that he had just cause to refuse the grand jury's demand. At a civil contempt hearing, appellant is not entitled to discover the full range of evidence pertinent to each element of his defense. Nor is appellant entitled to the full panoply of evidentiary and procedural safeguards required of criminal proceedings or trial. *United States v. Alter*, 482 F.2d 1016, 1023 (9th Cir.1973). Appellant received the "procedural regularities" required for a contempt hearing to compel a federal grand jury witness to provide information. *Id.; see* Fed.R.Crim.Proc. 42(b); *see also In re Sadin*, 509 F.2d 1252, 1254–55 (2d Cir.1975). We also conclude the court properly balanced the competing interests by affording appellant sufficient due process, cross-examination and confrontation without abrogating the need to maintain the secrecy of the grand jury investigation. *In Re Grand Jury Proceedings-Gordon*, 722 F.2d 303, 310 (6th Cir.1983), *cert. denied, Doe v. United States*, —— U.S. ——, 104 S.Ct. 3524, 82 L.Ed.2d 831 (1984).

**Fourth Amendment**

Appellant next argues that the overbreadth of the grand jury subpoena violat-

ed his fourth amendment right to be free from unreasonable searches and seizures. This argument has no merit. A grand jury subpoena to provide voice exemplars of the same words used in the alleged crime does not constitute the type of governmental intrusion on privacy which the fourth amendment prohibits. *United States v. Dionisio*, 410 U.S. 1, 8–10, 14–15, 93 S.Ct. 764, 768–770, 771–772, 35 L.Ed.2d 67 (1972); *United States v. Mitchell*, 556 F.2d 371, 382 (6th Cir.), *cert. denied, Williamson v. United States*, 434 U.S. 925, 98 S.Ct. 406, 54 L.Ed.2d 284 (1977); *United States v. Franks*, 511 F.2d 25, 32 (6th Cir.), *cert. denied*, 422 U.S. 1042, 95 S.Ct. 2656, 45 L.Ed.2d 693 (1975).

■ Alternatively appellant contends that his offer to supply a neutral voice exemplar constitutes sufficient compliance with the grand jury request. We do not agree. The grand jury was well within its broad discretion to compel production of a verbatim voice exemplar. *See United States v. Dionisio*, 410 U.S. 1, 5–7, 93 S.Ct. 764, 767–768, 35 L.Ed.2d 67 (1972).

### Fifth Amendment

■ Appellant also argues that compulsion to give a voice exemplar violates his fifth amendment protection against self-incrimination. This argument has no merit. As the Supreme Court has noted: "The compelled display of physical characteristics infringes no interest protected by the privilege against compulsory self-incrimination." *Dionisio*, 410 U.S. at 5–6, 93 S.Ct. at 767–768; *see also, Gilbert v. California*, 388 U.S. 263, 266–67, 87 S.Ct. 1951, 1953–54, 18 L.Ed.2d 1178 (1967); *United States v. Wade*, 388 U.S. 218, 222–23, 87 S.Ct. 1926, 1929–30, 18 L.Ed.2d 1149 (1967); *Schmerber v. California*, 384 U.S. 757, 764, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908 (1966).

### Preliminary Showing

■ Appellant finally argues that the government impermissibly failed to show that the requested voice exemplar was relevant to an investigation being conducted and not sought primarily for another purpose. We do not agree. It is appellant who has the initial burden of showing that the information sought via a grand jury subpoena bears no relevance to any legitimate investigation. *In Re Grand Jury Subpoena (Battle)* 748 F.2d 327, 330 (6th Cir.1984). We conclude appellant has not met the burden of demonstrating that the requested voice exemplar bears no relevance to the grand jury's bank robbery investigation in this case.

Accordingly, the judgment of the Honorable Thomas A. Ballantine, United States District Court for the Western District of Kentucky, is affirmed.