OPINION
{¶ 1} On March 14, 2003, appellant, Larry Hrometz, filed a private complaint with the Canton City Prosecutor's Office against William Moss, claiming an assault. After review, the Canton City Prosecutor determined there was insufficient evidence to press charges.
 {¶ 2} On May 8, 2003, appellant filed a motion with the Canton Municipal Court for a probable cause hearing. The Prosecutor's Office filed a motion to dismiss on May 14, 2003. By judgment entry filed May 20, 2003, the trial court granted the motion to dismiss.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The lower court erred when it concluded that it should not conduct a probable cause hearing based upon the use of the word `may' in O.R.C. § 2935.10."
 II {¶ 5} "The lower court erred when it concluded that it should not conduct a probable cause hearing based upon the fact that the request was filed by a private attorney."
 III {¶ 6} "The lower court erred when it dismissed Hrometz's request for a probable cause hearing based on its unfounded conclusion that the City of Canton's prosecutors had not abused their discretion."
 IV {¶ 7} "The lower court erred when it dismissed Hrometz's request for a probable cause hearing prior to giving appellant Hrometz time to respond to the response/motion to dismiss filed by the City of Canton."
 I, II, III, IV {¶ 8} In these assignments of error, appellant challenges the trial court's determination that probable cause did not exist, and its refusal to conduct a probable cause hearing.
 {¶ 9} R.C. 2935.09 provides for the initiation of a criminal complaint by a private citizen. Crim.R. 4 governs warrant or summons. Subsection (A) explains the methodology for the issuance of a criminal complaint as follows:
 {¶ 10} "(1) Upon complaint. If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed, and that the defendant has committed it, a warrant for the arrest of the defendant, or a summons in lieu of a warrant, shall be issued by a judge, magistrate, clerk of court, or officer of the court designated by the judge, to any law enforcement officer authorized by law to execute or serve it.
 {¶ 11} "The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished. Before ruling on a request for a warrant, the issuing authority may require the complainant to appear personally and may examine under oath the complainant and any witnesses. The testimony shall be admissible at a hearing on a motion to suppress, if it was taken down by a court reporter or recording equipment.
 {¶ 12} "The issuing authority shall issue a summons instead of a warrant upon the request of the prosecuting attorney, or when issuance of a summons appears reasonably calculated to ensure the defendant's appearance." (Emphasis added.)
 {¶ 13} R.C. 2935.10 governs procedure upon filing of affidavit or complaint. Subsection (A) states the following:
 {¶ 14} "Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious,shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant." (Emphasis added.)
 {¶ 15} If the crime alleged is a misdemeanor, the trial court may
issue a warrant for arrest or issue a summons. R.C. 2935.10(B). The trial court sub judice took the position the discretionary "may" gave it the right to reject the private criminal complaint without a probable cause hearing. We disagree with this analysis because R.C. 2935.10(B) governs procedure after the trial court has made a determination on probable cause.
 {¶ 16} On the issue of probable cause, the trial court found "(t)his court has reviewed the complainant's motion and the motion in opposition filed by the Canton City Prosecutor's Office, including the exhibits attached thereto. This court finds that the Canton City Prosecutor complied with all its responsibilities under the law and that its decision not to initiate a prosecution of Mr. Hrometz's allegations is supported by the facts and by the law."
 {¶ 17} Appellant argues despite the prosecutor's decision, he is nonetheless entitled to an independent review by the trial court. We concur with this reasoning.
 {¶ 18} Crim.R. 4(A) specifically provides for an independent interpretation of probable cause by the "judge, magistrate, clerk of court, or officer of the court designated by the judge." This is separate and apart from the responsibility of the executive branch (city prosecutor's office) to prosecute violations of the law.
 {¶ 19} We find the affidavit and items presented in this case to be sufficient to cause the trial court to hold a hearing requiring the complainant to appear and/or to examine any witnesses.
 {¶ 20} We note the prosecution of any criminal complaint cannot be made by a private attorney. R.C. 2938.13. The scope and direction of Crim.R. 4(A) review is completely under the control of the trial court and is not a forum for the complainant's private attorney to assume the role of pseudo-prosecutor. Therefore, any hearing is to be conducted by the trial court alone.
 {¶ 21} We concur with the city's position that its determination as to probable cause is an abuse of discretion standard and we find no abuse of discretion by the city.
 {¶ 22} Upon review, we remand the matter to the trial court for an independent review of the affidavits and any witnesses it deems necessary.
 {¶ 23} Assignments of Error I, II and III are granted. Assignment of Error IV is moot.
 {¶ 24} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby reversed and remanded.