OPINION *Page 2 
{¶ 1} On February 28, 2008, appellant, Lonny Aleshire, Jr., attempted to file a "complaint" via affidavit with the Clerk of Courts against Licking County Sheriff Detective Chris Slayman. The clerk refused the filing and referred the matter to the prosecutor's office. The prosecutor did not respond, so appellant sent his affidavit to the Honorable Jon R. Spahr of the Court of Common Pleas of Licking County, Ohio. Judge Spahr referred the matter to the prosecutor's office.
 {¶ 2} On March 17, 2008, the prosecutor notified appellant he was declining to prosecute. On March 24, 2008, appellant filed a motion for a probable cause hearing before the trial court. By judgment entry filed April 30, 2008, the trial court denied the motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRORED (SIC) WHEN DENYING THE APPELLANT'S REQUEST FOR A PROBABLE CAUSE HEARING."
 I {¶ 5} Appellant claims the trial court erred in denying him a probable cause hearing on his affidavit for a criminal complaint to issue pursuant to R.C. 2935.09. We disagree.
 {¶ 6} R.C. 2935.09 governs accusation by affidavit to cause arrest or prosecution. Subsection (D) states the following: *Page 3 
 {¶ 7} "A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume."
 {¶ 8} R.C. 2935.10 governs procedures upon filing of affidavit or complaint. Subsection (A) states the following:
 {¶ 9} "Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant."
 {¶ 10} In State ex rel. Boylen v. Harmon, 107 Ohio St. 3d 370,2006-Ohio-7, ¶ 6-7, the Supreme Court of Ohio explained the required procedures as follows:
 {¶ 11} "Boylen's claim lacks merit. As we have consistently held, `R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit.'***'While *Page 4 
R.C. 2935.09 provides that a "private citizen having knowledge of the facts" shall file with a judge, clerk of court, or magistrate an affidavit charging an offense committed in order to cause the arrest or prosecution of the person charged, it must be read in pari materia with R.C. 2935.10 which prescribes the subsequent procedure to be followed.'***
 {¶ 12} "Under R.C. 2935.10(A), if the affidavit filed under R.C. 2935.09 charges a felony, the judge, clerk, or magistrate with whom the affidavit is filed must issue a warrant for the arrest of the person charged in the affidavit unless the judge, clerk, or magistrate `has reason to believe that it was not filed in good faith, or the claim is not meritorious.' `[Otherwise, he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant.' R.C. 2935.10(A). Boylen's affidavits charge various felonies, so R.C. 2935.10(A) requires the clerk to follow the specified procedure."
 {¶ 13} In this case, both the clerk and the trial court referred the matter to the prosecutor. After reviewing appellant's affidavit, the prosecutor on March 17, 2008 responded as follows:
 {¶ 14} "I have reviewed the materials you have sent with respect to the criminal complaint you seek to have filed against Det. Chris Slayman. Indeed, I have spent the better part of this last weekend reading the materials you provided, and comparing them with your version of what you think they show, as well as what can be documented by the discovery or other materials filed in the criminal cases against you. For a multitude of reasons, only some of which I will include in this letter, I do not find your allegations against Det. Slayman legally meritorious, nor do I find them to be presented in good faith. *Page 5 
 {¶ 15} "***
 {¶ 16} "Furthermore, in light of your having pled guilty and — under oath mind you — having admitted your guilt, I cannot help but think that this `complaint' is not filed in `good faith', but merely yet another way for you to pursue your desires to attack your conviction due to a post-sentence change of heart. It seems very difficult for me to accept the claims you want to make about others who supposedly recanted this allegation, or wrote this incompletely in their report, without knowing that you want to do precisely the same thing (i.e. say you're guilty, then later say I'm not).
 {¶ 17} "After reviewing your complaint, I have come to one distinct conclusion and that is that I have put more time into reviewing it then it every deserved. Accordingly, you are hereby advised that I am declining your request to file any form of charge or complaint against Det. Slayman. Contrary to what you might think, R.C. 2935.09, and2935.10 do not require me to prosecute based upon the affidavit you have submitted if, as I do, find the complaint lacking in merit (i.e. probable cause). State ex rel. Evans v. Columbus Dept. of Law
(1998), 83 Ohio St.3d 1."
 {¶ 18} Based upon these representations, the trial court denied appellant's request for a probable cause hearing pursuant toBoylen, supra. We presume the trial court agreed the claims in the affidavit lacked merit and the affidavit was not filed in good faith.
 {¶ 19} A trial court is to review a prosecutor's decision on this issue under an abuse of discretion standard. State ex rel. Evans, supra. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore *Page 6 
(1983) 5 Ohio St.3d 217. This court likewise will review the trial court's decision under the same standard.
 {¶ 20} The question for this appeal is whether or not the trial court could make the finding of lack of merit and good faith without holding a hearing.
 {¶ 21} In support of a probable cause hearing, appellant cites this court's decision in State v. Moss, Stark App. No. 2003CA00218,2003-Ohio-6053. In Moss, the appellant challenged the trial court's decision to not issue a criminal complaint, arguing Crim. R. 4(A) required an independent review by the trial court. We concurred with this argument. However, in 2006, some two and a half years after theMoss decision, the Supreme Court of Ohio in Boylen determined Crim. R. 4(A) was not the appropriate procedure, and pointed out the trial court had two options: (1) to issue a warrant, or (2) refer the matter to the prosecutor if there is a belief that the affidavit lacks a meritorious claim or was not made in good faith. As explained in Boylen at ¶ 10:
 {¶ 22} "There is no conflict here between R.C. 2935.10 and Crim. R. 4(A). Crim. R. 4(A) applies when affidavits are filed with a valid criminal complaint under Crim. R. 3. R.C. 2935.10 governs the procedure when only affidavits have been filed under R.C. 2935.09. Boylen's affidavits did not accompany a valid criminal complaint."
 {¶ 23} The gist of the prosecutor's review sub judice was that appellant was not acting in good faith. This determination was accepted by the trial court. On issues such as this, we concur with the trial court that no probable cause hearing was warranted.
 {¶ 24} The sole assignment of error is denied. *Page 7 
 {¶ 25} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 Farmer, P.J., Edwards, J. and Delaney, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. *Page 1