[Cite as *In re Affidavits for Probable Cause*, 2016-Ohio-856.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103255**

# IN RE: AFFIDAVITS FOR PROBABLE CAUSE[1]

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cleveland Municipal Court
Case Nos. 2015-GA51, 2015-GA52, and 2015-GA57

**BEFORE:** Kilbane, P.J., E.T. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** March 4, 2016

---

[1]The Cleveland Municipal Court captioned this case *In Re: Affidavits Relating to Timothy Loehmann and Frank Garmback.*

**APPELLANTS**

Reverend Dr. R.A. Vernon, pro se
5900 Kinsman Avenue
Cleveland, Ohio 44104

Reverend Dr. Jawanza Colwin, pro se
8712 Quincy Avenue
Cleveland, Ohio 44106

Bakari Kitwana, Jr., pro se
3595 Blackberry Lane
Westlake, Ohio 44145

Edward Little, Jr., pro se
11806 Iowa Avenue
Cleveland, Ohio 44108

Julia Shearson, pro se
2999 Payne Avenue, #220
Cleveland, Ohio 44114

Rachelle Smith, pro se
4364 W. 52nd Street
Cleveland, Ohio 44144

Dr. Rhonda Y. Williams, pro se
1341 East Boulevard #3
Cleveland, Ohio 44106

Joseph Worthy, pro se
250 East 156 Street
Cleveland, Ohio 44110

(*Continued on page -ii-*)

**ATTORNEYS FOR APPELLEE**

Hilary S. Taylor
Shawn W. Maestle
Weston Hurd, L.L.P.
1301 East 9th Street
Cleveland, Ohio 44114

MARY EILEEN KILBANE, P.J.:

{¶1} Affiants-appellants, Rev. Dr. Jawanza Colwin, Bakari Kitwana, Edward Little, Jr., Julia Shearson, Rachelle Smith, Rev. Dr. R.A. Vernon, Dr. Rhonda Y. Williams, and Joseph Worthy, a group of clergy members, community activists, and other concerned citizens ("appellants"), appeal from the order of appellee Cleveland Municipal Court ("Cleveland Municipal Court"), finding that their affidavits set forth probable cause for criminal complaints against Cleveland police officers Timothy Loehmann ("Officer Loehmann") and Frank Garmback ("Officer Garmback") in connection with the shooting death of Tamir Rice ("Tamir"), but concluding that the court lacks authority to issue the arrest warrants and referring the matter for further prosecutorial review. For the reasons set forth below, we conclude that the appeal is now moot, so we grant the Cleveland Municipal Court's motion to dismiss.

{¶2} On November 22, 2014, 12-year-old Tamir was outside the Cudell Recreation Center, carrying an Airsoft pellet gun, and occasionally aiming at people and objects. The orange tip that distinguishes Airsoft pellet guns from actual firearms had been removed from the Airsoft gun. Officer Loehmann and Officer Garmback were dispatched to the scene in response to a 911 caller reporting a man with a gun. As the patrol car, driven by Officer Garmback, came to a stop, Officer Loehmann immediately exited the car. Within seconds, Officer Loehmann fired his weapon twice, striking Tamir.

{¶3} On June 9, 2015, appellants asserted that Officer Loehmann and Officer

Garmback committed the following offenses in connection with the death of Tamir: aggravated murder; murder; involuntary manslaughter; reckless homicide; negligent homicide; and dereliction of duty.

{¶4} On June 11, 2015, the court determined that the affidavits were filed in good faith and that there is probable cause to support the accusations of murder, involuntary manslaughter, reckless homicide, negligent homicide, and dereliction of duty as to Officer Loehmann. The court further found that there is probable cause to support the accusations of negligent homicide and dereliction of duty as to Officer Garmback. Applying *State ex rel. Boylen v. Harmon*, 107 Ohio St.3d 370, 2006-Ohio-7, 839 N.E.2d 934, the court determined, however, that in order for private citizens to "cause prosecution" through an affidavit filed pursuant to R.C. 2935.09(D), the affidavit must be presented to a "reviewing official for the purpose of review to determine if a complaint should be filed by the prosecutor." The court concluded that "complaints should be filed by the Prosecutor" as the entity "ethically required to decide whether, applying the highest standard of proof * * * it is more likely than not that a reasonable trier of fact will hold the individuals * * * accountable for these, or any other crimes that might be alleged."

{¶5} On June 18, 2015, appellants filed an application for a writ of mandamus with this court to compel the Cleveland Municipal Court to issue felony arrest warrants. The parties filed briefs in that original action. On July 10, 2015, after reviewing the record and briefs, this court dismissed the application for the writ of mandamus. In a nine-page opinion, this court held that "mandamus does not lie to correct errors and

procedural irregularities in the course of a case," and that "appeal is an adequate remedy at law." *See State ex rel. Vernon v. Adrine*, 8th Dist. Cuyahoga No. 103149, 2015-Ohio-2867, ¶ 8.

{¶6} On July 10, 2015, appellants filed the instant appeal, and assigned the following errors for our review:

Assignment of Error One

The trial court erred when, in lieu of discharging its ministerial duty to forthwith issue a warrant for the arrest of the person charged [with felony crimes] in the affidavit, pursuant to Ohio Revised Code 2935.10, the trial court categorized its judgment as advisory in nature  and forwarded the judgment that felony charges should be filed against a defendant to city and county prosecutors.

Assignment of Error Two

The trial court erred in its determination that the trial court does not have the option of issuing a warrant in cases initiated by the affidavits of private citizens.   This is contrary to Ohio Revised Code and legal authority.

Assignment of Error Three

The trial court erred in its interpretation of the 2006 amendments to R.C. 2935.09, and the effect of said amendments on R.C. 2935.10.   The court's interpretation of R.C. 2935.09, as amended, eliminates the ability of private citizens to cause prosecution by filing affidavits with the court, in exchange allowing such affidavits to be filed with a reviewing official to determine if probable cause exists and if charges should be filed by a prosecutor.

Assignment of Error Four

The trial court erred in its conclusion that Criminal Rule 4 and R.C. 2935.10 are in conflict, thereby nullifying R.C. 2935.10 and the statutory mandate within, which states a trial court shall forthwith   issue a warrant for arrest after finding citizen affidavits, which allege felony crimes, contain probable

cause, were filed in good faith, and are meritorious.

**{¶7}** During the pendency of this appeal, the Cuyahoga County prosecutor issued its "Report on the November 22, 2014 Shooting Death of Tamir Rice" ("Prosecutor's Report"). This Report, dated December 28, 2015, was posted on the Prosecutor's webpage and released to the public. In light of this development, we asked the parties to brief the additional issue of mootness. We accessed this report through the Prosecutor's homepage, where it has remained available. We further note that pursuant to Evid.R. 201(F), judicial notice may be taken at any stage of the proceeding, including on appeal. *State v. Mays*, 83 Ohio App.3d 610, 614, 615 N.E.2d 641 (4th Dist.1992). A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Id.* In this matter, both parties acknowledge the release of the Prosecutor's Report and have briefed its relevance to the issue of mootness. Moreover, its contents are not subject to reasonable dispute in that it is both generally known within the territorial jurisdiction of the trial court and its contents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Therefore, we consider the Prosecutor's Report insofar as it is relevant herein. In the Prosecutor's Report, the prosecutor found that "Loehmann was facing a suspect pulling an object from his waist that Loehmann thought was a real gun." *See* Cuyahoga County, Office of the Prosecutor, Report on the November 22, 2014 Shooting Death of Tamir

Rice (Dec. 28, 2015), available at http://www.prosecutor.cuyahogacounty.us/ (accessed from January 2016 through February 2016). The prosecutor concluded that the shooting was the tragic result of the officers' mistaken but reasonable analysis of Tamir's appearance and actions with a toy gun. The Prosecutor's Report recommended "against bringing any criminal charges to the Grand Jury [because no] reasonable judge or jury would find criminal conduct" in the officers' use of deadly force. No charges were issued.

## Mootness

{¶8} The Cleveland Municipal Court maintains that the matter is moot, in light of the Prosecutor's Report and the grand jury's decision declining to issue criminal charges against the officers, and has filed a motion to dismiss the instant appeal. Appellants urge us to apply an exception to the mootness doctrine and order the trial court to issue arrest warrants in this matter.

{¶9} We recognize that in *State ex rel. Vernon*, 8th Dist. Cuyahoga No. 103149, 2015-Ohio-2867, this court concluded that an "appeal is an adequate remedy at law." *Id.* at ¶ 9. Nonetheless, a court has a duty to dismiss an action when the court finds that the issues raised are moot. *McBee v. Toledo*, 6th Dist. Lucas No. L-13-1101, 2014-Ohio-1555. "[A]n event that causes a case to become moot may be proved by extrinsic evidence outside the record." *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 1992-Ohio-91, 597 N.E.2d 92. *Accord Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991). A court may take judicial notice of mootness. *State ex rel. Rivera v. Callahan*, 8th Dist. Cuyahoga No. 86085, 2005-Ohio-2182, ¶ 3.

{¶10} In this matter, because of the Prosecutor's Report recommending "against bringing any criminal charges to the Grand Jury [because no] reasonable judge or jury would find criminal conduct" in Officer Loehmann's use of deadly force and in Officer Garmback's actions, and the decision of the grand jury to not issue any charges, we conclude that this appeal is now moot. These determinations directly conclude that there is no probable cause for criminal charges, thereby rendering moot each of the claims raised herein on appeal.

{¶11} Notwithstanding the release of the Prosecutor's Report, appellants argue that the matter is not moot because: (1) the matter is capable of repetition, yet evading court review; (2) the Prosecutor's Report is not, technically, a "no bill" and is too ambiguous to render the instant appeal moot; and (3) jeopardy did not attach and, they claim, a new grand jury has convened and is now considering charges.

Capable of Repetition, Yet Evading Review

{¶12} An exception to the mootness doctrine is presented when issues are "capable of repetition, yet evading review." *State ex rel. Plain Dealer Publishing Co. v. Barnes*, 38 Ohio St.3d 165, 527 N.E.2d 807 (1998), paragraph one of the syllabus. The Ohio Supreme Court has limited "this exception [to] exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 2000-Ohio-142, 729 N.E.2d 1182.

{¶13} Appellants argue that the matter is capable of repetition in the future, and may not be subject to review on appeal. Appellants are extremely concerned that a similar fatality may happen in the future and that the citizen-initiated process for commencing a prosecution may be eroded if the prosecuting attorney fails to seek an indictment. It is axiomatic, however, that while all police-involved shootings present devastating losses, both to the families involved and the community at large, any such tragedy must, as a matter of law, be resolved upon its own individual facts. Whether the officer reasonably perceived a threat must be analyzed with regard to the moments in which the weapon is drawn and the moments directly preceding it. *Livermore ex rel. Rohm v. Lubelan*, 476 F.3d 397, 406-407 (6th Cir.2007), citing *Dickerson v. McClellan*, 101 F.3d 1151, 1161 (6th Cir.1996). There is no reasonable expectation that these

appellants will be subject to the same municipal court probable cause affidavits or interpretation of the statutes again.

## Ambiguity Argument

{¶14} Appellants next assert that because the prosecutor has issued a report, and not a "no bill," and did not identify the defendants or the offenses considered, the Prosecutor's Report cannot render the claims of this appeal moot.

{¶15} We note, however, that the Prosecutor's Report clearly identifies both Officer Loehmann, as the on-duty officer who fired the fatal shot that caused the death of Tamir, and Officer Garmback as the on-duty officer who drove the police cruiser to that fatal confrontation. The remainder of the Prosecutor's Report analyzes their actions during that deadly encounter, and ultimately, recommended "against bringing any criminal charges to the Grand Jury [because no] reasonable judge or jury would find criminal conduct" in the officers' courses of conduct.

{¶16} In light of the foregoing, we reject the ambiguity argument presented herein.

## Double Jeopardy

{¶17} Appellants also assert that "[a] new grand jury has convened, so it is wholly possible that the new grand jury, presented with appellants' opinion, may opt to indict, and therefore, the assertion of mootness appears to be based solely * * * [upon failure] to seek an indictment in good faith."

{¶18} The question posed within this appeal, however, was whether the Cleveland Municipal Court erred in determining that it lacks authority to issue the arrest warrants

and referring the matter for further prosecutorial review, not whether the prosecutor acted in good faith as analyzed with regard to the conclusions of a new grand jury. We recognize that just as courts are to avoid passing upon claims that have become moot, they are also "to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). Here, no additional determinations by other grand juries have been rendered, and the deliberations of such bodies are not ripe within the context of this appeal. Accordingly, such matters cannot be considered within the framework of this appeal to bar application of the mootness doctrine.

{¶19} Moreover, the contention that a new grand jury has actually convened is outside of our record. In any event, if in fact a new grand jury has convened, then the matter will proceed pursuant to R.C. 2935.10. That grand jury action is not presently before us and is not yet ripe for appellate review; whereas, determinations of a lack of probable cause under R.C. 2935.09 are immediately appealable. *See Metzenbaum v. Vitantonio*, 8th Dist. Cuyahoga Nos. 79477, 79478, 79479, 79480, and 79481, 2002-Ohio-489; *In re Slayman,* 5th Dist. Licking No. 08CA70, 2008-Ohio-6713.

{¶20} Based on the foregoing, we dismiss this appeal as moot.

{¶21} Appeal dismissed. Motion No. 493020 is granted.

It is ordered that appellee recover of appellants costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cleveland

Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR