[Cite as *In re: Grand Jury Subpoena of Byrd*, 2018-Ohio-3046.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106193**

**IN RE: GRAND JURY SUBPOENA
FOR DAUNTE BYRD**

[Appeal by Daunte Byrd]

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-614867-A

**BEFORE:** Laster Mays, J., McCormack, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 2, 2018

-i-

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

By:   Paul Kuzmins
        Jeffrey Gamso
Assistant Public Defenders
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Mary M. Frey
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Daunte Byrd ("Byrd") appeals the trial court's declaration that Byrd's motion to quash a grand jury subpoena is moot. We affirm the trial court's judgment.

## I. Background and Facts

{¶2} On January 12, 2017, the Cuyahoga County Grand Jury issued a subpoena to have Byrd transported to the Cuyahoga County jail from the Trumbull Correctional Institution ("TCI") where he was serving a term of incarceration. Byrd was transferred to Cuyahoga County jail on February 9, 2017. In spite of confirmation by the sheriff's office that Byrd's return was recorded under a grand jury subpoena number, Byrd's counsel was unable to obtain information regarding the grounds for the subpoena from the court or the prosecutor.

{¶3} The state asserts that Byrd's return to TCI was ordered several days after his arrival to Cuyahoga County jail but, due to a change in personnel, the transfer did not take place. On March 1, 2017, Byrd filed a motion to quash the grand jury subpoena and requested his return to TCI. The state responded that the subpoena was issued in error, and Byrd was returned to TCI on March 3, 2017. Byrd elected to proceed with the case. On April 5, 2017, the trial court held a hearing on the motion to quash and declared that the motion was moot due to Byrd's return and because the subpoena had already been executed.

### A. Timeliness of Appeal

{¶4} The trial court's journal entry declaring that the case was moot is dated June 19, 2017. Byrd's counsel attached an affidavit to the notice of appeal filed by Byrd on August 31, 2017. Counsel explained that he had not been served with a copy of the trial court's entry and

first learned that a decision had been issued in the case during an "informal" conversation with the trial court. As a result of that conversation, the trial court issued a judgment entry on July 25, 2017, directing the clerk of courts to serve copies on counsel for the parties.

{¶5} App.R. 5(A) provides that upon the expiration of the 30-day time period set forth in App.R. 4(A) for criminal appeals, a defendant may seek leave of court to file an appeal under App.R. 5(A). An appellate court is vested with broad discretion to allow the filing of a late appeal in criminal proceedings. *State v. Ronny*, 8th Dist. Cuyahoga No. 102968, 2016-Ohio-3448, ¶ 19. In *Ronny*, this court exercised that discretion to waive strict compliance with App.R. 5(A) and sua sponte granted leave for Ronny to file a delayed appeal after discovering the appeal was filed untimely. *Id*. at ¶ 19. In light of Byrd's counsel's provision of the affidavit, coupled with the trial court's issuance of the July 25, 2017 entry directing proper service, we elect to exercise our discretion in this case and sua sponte grant leave to appeal to address the merits. *Id*. at ¶ 22.[1]

## II.    Assignment of Error and Discussion

{¶6}    Byrd's single assigned error contends that the trial court erred in dismissing Byrd's motion to quash an unlawfully issued grand jury subpoena as moot. We affirm the trial court's findings.

{¶7}    This court is obligated to dismiss an action where the issues raised in that action are moot. *In re Affidavits for Probable Cause*, 8th Dist. Cuyahoga No. 103255, 2016-Ohio-856, ¶ 9, citing   *McBee v. Toledo*, 6th Dist. Lucas No. L-13-1101, 2014-Ohio-1555.

{¶8}    An action is moot

---

[1] The state has not challenged jurisdiction.

"when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations. * * * 'A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.'"

*State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, 24 N.E.3d 1170, ¶ 4, quoting *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, 861 N.E.2d 546, ¶ 11 (10th Dist.), quoting *Grove City v. Clark*, 10th Dist. Franklin No. 01AP-1369, 2002-Ohio-4549, at ¶ 11, quoting *Culver v. Warren*, 84 Ohio App. 373, 393, 83 N.E.2d 82 (11th Dist.1948).

{¶9} Byrd offers that the instant case falls within an exception to the mootness doctrine because it involves conduct that is "'capable of repetition, yet evading review.'" *In re Affidavits for Probable Cause* at ¶ 12, quoting *State ex rel. Plain Dealer Publishing Co. v. Barnes*, 38 Ohio St.3d 165, 527 N.E.2d 807 (1998), paragraph one of the syllabus. The exception applies only in "'exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Id.* at ¶ 12, quoting *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000).

{¶10} Byrd correctly recognizes that the exception serves a useful and much-needed purpose and affords an opportunity to address conduct that may otherwise evade judicial review. In this case, Byrd argues that both prongs of the test have been met and that the state's conduct should be addressed.

{¶11} Byrd rejects the state's claims that the subpoena was issued in error and counters that the explanation is just a pretext. The issuance of the subpoena, according to Byrd, was triggered by a DNA hit resulting from the Ohio cold case rape kit initiative. Byrd was questioned by county prosecutors but refused to waive his *Miranda* rights. A buccal swab was also obtained pursuant to a search warrant though, as of the date of the oral argument before this court, there had been no charges brought against Byrd.

{¶12} Byrd's counsel advises that the Office of the Public Defender has encountered this situation with other prisoners who were delivered to county jail "under the ruse of a grand jury investigation." Appellant's brief (Jan. 2, 2018), p. 4-5. The prisoners were questioned, DNA samples obtained, and interrogations attempted. Byrd further offered that this was the second time that Byrd was removed and transported pursuant to a grand jury subpoena. The state distinguishes the prior subpoena on the ground that it was properly issued to secure Byrd's return to testify at a trial.

{¶13} Byrd also questions the sufficiency of the grand jury subpoena and the absence of duces tecum language, but the state concedes the absence of the language was erroneous. R.C. 2939.12 authorizes the clerk of court to "issue subpoenas and other process to any county to bring witnesses to testify" "[w]hen required by the grand jury, prosecuting attorney, or judge of the common pleas court." Subpoenas may also be issued under Crim.R. 17(C) for the production of "books, papers, documents, or other objects designated in the subpoena." *Findlay v. Reichenbach,* 3d Dist. Hancock No. 5-92-30, 1992 Ohio App. LEXIS 6589, 4 (Dec. 29, 1992).

{¶14} Physical evidence is subject to Crim.R. 17(C) subpoena power. The prohibition against self-incrimination afforded by the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution does not apply to the production of physical

evidence. *In re Grand Jury Proceedings, Hellmann,* 756 F.2d 428, 431 (6th Cir.1985)*, citing United States v. Dionisio,* 410 U.S. 1, 8-10, 14-15, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973); *Gilbert v. California*, 388 U.S. 263, 266-267, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *United States v. Wade*, 388 U.S. 218, 222-223, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Schmerber v. California*, 384 U.S. 757, 764, 16 L.Ed.2d 908, 86 S.Ct. 1826 (1966).

**{¶15}** While a compelled grand jury appearance is not considered to be a Fourth Amendment search and seizure,[2] a cheek swab for DNA of an individual has Fourth Amendment implications and requires consent or warrant based on probable cause. "It can be agreed that using a buccal swab on the inner tissues of a person's cheek in order to obtain DNA samples is a search." *Maryland v. King*, 569 U.S. 435, 446, 133 S.Ct. 1958, 186 L.Ed.2d 1 (2013). In this case, after Byrd was returned to Cuyahoga County jail, a search warrant was issued to obtain the physical evidence.

**{¶16}** Byrd posits that, even accepting the state's admission that it omitted the duces tecum requirement from the grand jury subpoena, "a grand jury subpoena may not be used to procure a DNA sample." Appellant's brief (Jan. 2, 2018), p. 5. Instead, Byrd argues that R.C. 2901.07(B)(1)(d) is the exclusive statutory authority for the collection of DNA:

> If a person is in the custody of a law enforcement agency or a detention facility, if the chief law enforcement officer or chief administrative officer of the detention facility discovers that a warrant has been issued or a bill of information has been filed alleging the person to have committed an offense other than the offense for which the person is in custody, and if the other alleged offense is one for which a DNA specimen is to be collected from the person pursuant to division (B)(1)(a) or (b) of this section, the chief law enforcement officer or chief administrative officer shall cause a DNA specimen to be collected from the person in accordance with division (C) of this section.

---

[2] *Dionisio*, 410 U.S. 1, 14, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973).

**{¶17}** We decline to address the merits of this argument because we find that the second part of the exceptions test cannot be met in this case. This case does not present "exceptional circumstances" compelling our review. (Citations omitted.) *Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182. "There is no reasonable expectation that" this appellant "will be subject to the same" Cuyahoga County grand jury subpoena based on the same grounds again. *Id.*

**{¶18}** "Mootness is concerned with the justiciability of an action when any relief a court might provide to a plaintiff would be meaningless." *Bellisario v. Cuyahoga Cty. Child Support Agency*, 8th Dist. Cuyahoga No. 88788, 2007-Ohio-4834, ¶ 9, fn. 1, citing *Sedlak v. Solon*, 104 Ohio App.3d 170, 178, 661 N.E.2d 265 (8th Dist.1995). That is exactly the situation that we are faced with in this case.

**{¶19}** Byrd's sole assignment of error is overruled.

**{¶20}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

TIM McCORMACK, P.J., and
LARRY A. JONES, SR., J., CONCUR