[Cite as *State v. Krause*, 2018-Ohio-5175.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106612**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**NICHOLAS KRAUSE**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-609974-B and CR-17-613196-A

**BEFORE:** Laster Mays, J., E.A. Gallagher, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 20, 2018

-i-

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender

By:   Paul Kuzmins
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Gregory J. Ochocki
          Anthony Thomas Miranda
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Nicholas Krause ("Krause") asks this court to award him jail-time credit for the period of incarceration leading up to his sentencing hearing.   We affirm the trial court's decision to deny Krause's jail-time credit.

{¶2} On November 22, 2016, Krause pleaded guilty to one count of drug possession, a fifth-degree felony, in violation of R.C. 2925.11(A).   Before his plea hearing and after his arrest, Krause spent 66 days in jail.   At the plea hearing, Krause was ordered to report to the county probation department for a presentence investigation ("PSI") report.   Krause was also advised that he would be placed on postrelease control for up to three years.   The trial court released

Krause and set a sentencing date for December 19, 2016.

{¶3} On November 29, 2016, the court was notified by the probation department that Krause failed to appear for his PSI appointment and that all attempts to notify Krause had been made. The trial court issued a capias. On January 12, 2017, Krause was taken into custody and on January 30, 2017, charged with escape, a fifth-degree felony, in violation of R.C. 2921.34(A)(3). On March 16, 2017, Krause was sentenced to two years of community control supervision for drug possession. Krause also pleaded guilty to escape, and the trial court imposed two years of community control. After a bed became available, Krause was placed in a community-based correctional facility ("CBCF") on April 25, 2017, with the conditions that he successfully complete the CBCF program and follow all program recommendations, program rules, and regulations. It was further ordered that if Krause fail to follow program rules and regulation of the CBCF program, Krause may be taken into custody by the Cuyahoga County Sheriff's staff and returned to the Cuyahoga County jail and held without bond until further order of the court. The trial court elected not to suspend Krause's driving privileges.

{¶4} On September 19, 2017, Krause was terminated from CBCF for bringing unknown substances in his bookbag into the facility. The trial court found Krause in violation of his community control sanctions, and sentenced Krause to 180 days in jail. Krause had entered county jail on September 6, 2017. After sentencing, Krause filed several motions for jail-time credit. The trial court denied all of his motions. Krause was released from county jail on March 21, 2018. Krause filed this appeal assigning one error for our review:

> I.      The trial court erred in failing to give Mr. Krause jail-time credit for all of the time he spent incarcerated leading up to his sentence hearing.

## I.    Jail-Time Credit

**A. Standard of Review**

{¶5} Krause's assigned error raises issues with his sentencing. "An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. Cuyahoga No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892." *State v. Williams*, 8th Dist. Cuyahoga No. 105903, 2018-Ohio-1297, ¶ 8.

> R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under "division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code." *See State v. Belew*, 140 Ohio St.3d 221, 2014-Ohio-2964, 17 N.E.3d 515, ¶ 12 (Lanzinger, J., dissenting from the decision to dismiss the appeal as having been improvidently accepted) ("R.C. 2953.08(G)(2) repudiates the abuse-of-discretion standard in favor of appellate review that upholds a sentence unless the court of appeals clearly and convincingly finds that the record does not support the trial court's findings").

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22.

**B. Law and Analysis**

{¶6} In Krause's sole assignment error, he argues that the trial erred when it did not award him 322 days of jail-time credit.

> (A) When a person who is convicted of or pleads guilty to a felony is sentenced to a community residential sanction in a community- based correctional facility pursuant to section 2929.16 of the Revised Code or when a person who is convicted of or pleads guilty to a felony or a misdemeanor is sentenced to a term of imprisonment in a jail, the judge or magistrate shall order the person into the custody of the sheriff or constable, and the sheriff or constable shall deliver the person with the record of the person's conviction to the jailer, administrator, or keeper, in whose custody the person shall remain until the term of imprisonment expires or the person is otherwise legally discharged.
>
> (B) The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper under this section. The record shall be used to determine any reduction of sentence under division (C) of this section.

(C) (1) If the person is sentenced to a jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody pursuant to division (A) of this section by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the person's competence to stand trial or to determine sanity, confinement while awaiting transportation to the place where the person is to serve the sentence, and confinement in a juvenile facility.

(2) If the person is sentenced to a community-based correctional facility for a felony, the total amount of time that a person shall be confined in a community-based correctional facility, in a jail, and for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper shall not exceed the maximum prison term available for that offense. Any term in a jail shall be reduced first pursuant to division (C)(1) of this section by the total number of days the person was confined prior to delivery to the jailer, administrator, or keeper. Only after the term in a jail has been entirely reduced may the term in a community-based correctional facility be reduced pursuant to this division. This division does not affect the limitations placed on the duration of a term in a jail or a community-based correctional facility under divisions (A)(1), (2), and (3) of section 2929.16 of the Revised Code.

R.C. 2949.08(A), (B), (C)(1), and (2).

{¶7} Despite Krause being sentenced to CBCF, we find that he was confined.

"Confinement" is construed as time in which one is not free to come and go as he or she wishes. *State v. Napier*, 93 Ohio St.3d 646, 648, 2001-Ohio-1890, 758 N.E.2d 1127 (2001). In *Napier*, the Ohio Supreme Court held that "all time served in a community-based correctional facility constitutes confinement for purposes of R.C. 2967.191." (Emphasis added.) *Id*. at syllabus. *Accord State v. Mullin*, 8th Dist. Cuyahoga No. 105042, 2017-Ohio-939.

*State v. Henderson*, 8th Dist. Cuyahoga Nos. 106340 and 107334, 2018-Ohio-3168, ¶ 8.

{¶8} Krause asks this court to award him jail-time credit, however, Krause was released from jail on March 21, 2018. Krause has already served his sentence, and thus, cannot receive a credit towards the time he was ordered to serve. We find that this error is moot. "This court is obligated to dismiss an action where the issues raised in that action are moot. *In re Affidavits for Probable Cause*, 8th Dist. Cuyahoga No. 103255, 2016-Ohio-856, ¶ 9, citing *McBee v.*

*Toledo*, 6th Dist. Lucas No. L-13-1101, 2014-Ohio-1555." *In re Grand Jury Subpoena for Byrd*, 8th Dist. Cuyahoga No. 106193, 2018-Ohio-3046, ¶ 7.

> [A]n appeal of a jail-time credit denial is moot where the defendant-appellant has completed his prison sentence. *State v. Howard*, 5th Dist. Richland No. 10CA23, 2010-Ohio-4729, ¶ 9. *Accord State v. Feagin*, 6th Dist. Huron No. H-12-014, 2013-Ohio-1837, ¶ 4 ("[T]he issue of jail-time credit is moot once the sentence has been served because this issue relates only to the length of the sentence and not the underlying conviction * * * .").

*State v. Reeves*, 9th Dist. Summit Nos. 28632, 28679, 28680, 28681, and 28682, 2017-Ohio-9139, ¶ 6.

**{¶9}** There are exceptions to the mootness doctrine.

> An exception to the mootness doctrine is presented when issues are "capable of repetition, yet evading review." *State ex rel. Plain Dealer Publishing Co. v. Barnes*, 38 Ohio St.3d 165, 527 N.E.2d 807 (1998), paragraph one of the syllabus. The Ohio Supreme Court has limited "this exception [to] exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000).

*In re Affidavits for Probable Cause*, 8th Dist. Cuyahoga No. 103255, 2016-Ohio-856, ¶ 12.

**{¶10}** We find that neither exception apply to Krause. The issue of his jail-time credit only related to the length of his sentence not his underlying conviction so there is not a reasonable expectation that he will be subject to the same action again.

**{¶11}** Krause's sole assignment of error is overruled.

**{¶12}** Judgment affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, A.J., and
MARY EILEEN KILBANE, J., CONCUR