[Cite as *State v. Ways*, 2013-Ohio-293.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25214 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-85 |
| v. | : | |
| | : | |
| CHRISTOPHER E. WAYS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of February, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. #0076791, 75 North Pioneer Boulevard, Springboro, Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1} Defendant-appellant Christopher Ways appeals from an order of the trial court

denying his motion for an increase in the amount of jail-time credit allowed against his sentence. Ways contends that in addition to the jail-time credit of three days corresponding to time he was held in jail in lieu of bail, he should be entitled to a credit for the time he was incarcerated on a previous sentence, before the sentence was imposed in this case, which was ordered to be served concurrently with the sentence in this case. We disagree. Accordingly, the order of the trial court from which this appeal is taken is Affirmed.

### I. On February 15, 2012, Ways Is Sentenced to
### Twelve Months for Trafficking in Heroin

{¶ 2}    In a separate criminal proceeding, Ways was sentenced on February 15, 2012, to twelve months in prison for Trafficking in Heroin, in the vicinity of a school or a juvenile, in violation of R.C. 2925.03(A)(1), to which he had pled guilty.

{¶ 3}    Ways was given a jail-time credit of three days against this sentence. The full record of this proceeding is not in the record of this appeal, but from the documents that were admitted in evidence at the hearing on the motion leading to the order from which this appeal is taken, it appears likely that Ways spent three days in jail on this charge before being released on a pre-trial bond that included electronic home detention. The trial court allowed Ways a jail-time credit of three days against this twelve-month sentence.

### II. On March 21, 2012, Ways Is Sentenced to Eighteen Months for Having Weapons
### Under a Disability, and for Carrying a Concealed Weapon, with the Sentences to be
### Served Concurrently with Each Other and Concurrently with the Twelve-Month

### Sentence Imposed Previously for Trafficking in Heroin

{¶ 4}    On February 13, 2012, two days before Ways was sentenced in the other criminal proceeding, Ways was indicted for Having Weapons Under a Disability, in violation of R.C. 2923.13(A)(3); Carrying a Concealed Weapon, in violation of R.C. 2923.12(A)(2); and for Improper Handling of a Firearm in a Motor Vehicle, in violation of R.C. 2923.16(B).

{¶ 5}    Pursuant to a plea bargain, Ways pled guilty to the charges of Having Weapons Under a Disability and Carrying a Concealed Weapon, and the other charge was dismissed.    Part of the plea bargain was that Ways would be sentenced to eighteen months in prison for each offense, with the sentences to be served concurrently with one another, and concurrently with the twelve-month sentence he was already serving for Trafficking in Heroin.  The plea was accepted, and the agreed-upon sentence was imposed, on the same day, March 21, 2012.

{¶ 6}    The trial court allowed Ways a jail-time credit of three days against the concurrent eighteen-month sentences it imposed in this case.

{¶ 7}    Ways moved for additional jail-time credit, contending that he should receive credit for the 36 days he was incarcerated on the twelve-month sentence for Trafficking in Heroin, before the eighteen-month sentences were imposed.[1]    The trial court held a hearing on the motion, and denied it.

{¶ 8}    From the order denying his motion for the additional jail-time credit, Ways appeals.    His sole assignment of error is as follows:

---

[1]It would seem to us that Ways was only incarcerated for 35 days from February 15, 2012, when he began serving his twelve-month sentence for Trafficking in Heroin, until March 21, 2012, when he was sentenced to the two, eighteen-month sentences in the case before us for review.    Because it does not affect our analysis, we will assume that this interval was 36 days, as Ways claims.

THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION FOR ADDITIONAL JAIL-TIME CREDIT.

### III. The Nature of Concurrent Sentences

{¶ 9} The nature of concurrent sentences, as contrasted with consecutive sentences, was set forth succinctly in *Bobo v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-118, 2011-Ohio-4984, at ¶ 13:

> "[T]he imposition of a concurrent sentence normally means that the sentence being imposed is to run concurrently with the *undischarged* portion of the previously imposed sentence." (Emphasis sic.) *State ex rel. Gray v. Karnes*, 10th Dist. No. 10AP–789, 2010–Ohio–5364, ¶ 5, quoting *State v. Bellamy*, 181 Ohio App.3d 210, 2009–Ohio–888, quoting *Bianco v. Minor* (June 6, 2003), M.D.Pa. No. Civ.A. 303CV0913. The definition of a concurrent sentence is to be contrasted with the definition of a consecutive sentence, where the second sentence cannot begin to be served until the first sentence has been completed. *Bellamy,* citing *Richards v. Eberlin*, 7th Dist. No. 04BE–1, 2004–Ohio–2636. Accordingly, "[t]he fact that sentences run concurrently merely means that the prisoner is given the privilege of serving each day a portion of each sentence. However, if the sentences which are to run concurrently are different lengths, the prisoner cannot be discharged until he has served the longest sentence." *Brinklow v. Riveland* (Colo., 1989), 773 P.2d 517.

{¶ 10} We agree. Where a sentence is imposed *consecutively* to a sentence that has

already been imposed, and which the defendant has already begun serving, the defendant must complete the first sentence before he can begin serving day one of the second sentence. By contrast, where a sentence is imposed *concurrently* with a sentence that has already been imposed, and which the defendant has already begun serving, the defendant is given the comparative luxury of serving each day of his second sentence, beginning with the first day, concurrently with a day served on the first sentence. Thus, if the new sentence is imposed and put into execution on the 100th day of the old sentence, the defendant is allowed to serve the first day of his new sentence while, at the same time, serving the 100th day of the old sentence.

{¶ 11} As in *Bobo*, the result may be that the first sentence expires before the second sentence expires, even though the first sentence is a longer sentence.

### IV. *State v. Fugate* and *State v. Cole* Distinguished

{¶ 12} Ways relies upon *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440; and *State v. Cole*, 2d Dist. Montgomery No. 23327, 2009-Ohio-4580, for the proposition that he must be allowed 36 days of jail-time credit for the time he was incarcerated while serving the first sentence, before the second sentence was imposed.

{¶ 13} In *State v. Fugate*, two concurrent sentences were imposed at the same time. One sentence, a twelve-month sentence for Receiving Stolen Property, was imposed as the result of a community control revocation. The other sentence, a two-year sentence for Burglary, was imposed as the result of a conviction following a jury trial.[2] The trial court

---

[2] The trial court initially overlooked the defendant's conviction by the same jury for Theft, but later imposed a six-month sentence

allowed a 213-day jail-time credit against the twelve-month sentence, but did not allow any jail-time credit against the two-year sentence for Burglary. The Supreme Court of Ohio held:

> * * * although concurrent and consecutive terms are to be treated differently when jail-time credit is applied, the overall objective is the same: to comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held.
>
> Thus, in order to satisfy this objective, when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. *So long as an offender is held on a charge while awaiting trial or sentencing*, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit. *Id.* at ¶ 11-12 (emphasis added).

{¶ 14} An affluent defendant, in the same situation as the defendant in *Fugate*, would have been incarcerated for exactly two years – the two-year prison term for Burglary. While serving that prison term, he would have served the twelve-month sentence for Receiving Stolen Property, which would begin on the same day, and would have ended after the first year of his two-year sentence for Burglary.

---

for that offense, to be served concurrently with the two-year sentence for Burglary.

{¶ 15} The defendant in *Fugate*, having been unable to post bond, would, as originally sentenced, have been incarcerated for 213 days longer than his identical affluent counterpart, because he would also serve the two-year prison term for Burglary, but would have been incarcerated for 213 days before he began serving either prison term. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution requires that the indigent defendant be treated no more severely than his affluent counterpart.

{¶ 16} In *State v. Cole, supra*, upon which Ways also relies, the situation was similar. The defendant in that case had been in pre-trial custody for some time on a charge of Receiving Stolen Property. After he was convicted, he was placed on community control. While on community control, the defendant in *Cole* was charged with two counts of Felonious Assault, and was incarcerated pending trial. On the same day, the defendant in that case pled guilty to the reduced charge of Attempted Felonious Assault, and admitted having violated the terms of his community control sanction imposed in the other case. At a later date, the defendant in that case was sentenced in both cases at the same time. He was sentenced to one year in each case, to be served concurrently. The trial court allowed a jail-time credit of 143 days against the one-year sentence for Receiving Stolen Property, apparently representing the total of the number of days he had been incarcerated on that charge before having been sentenced to community control sanctions, plus the number of days he had been incarcerated after having been arrested for Felonious Assault. The trial court only allowed a jail-time credit of 83 days against the one-year sentence for Attempted Felonious Assault, representing the time he had been incarcerated on that charge before the imposition of sentence in both cases.

{¶ 17}  Relying upon *State v. Fugate, supra,* we reversed, holding that he was entitled to the full 143 days of jail-time credit against both sentences.  Again, the reason for this somewhat counter-intuitive result lies in the disparate treatment that would otherwise be visited upon an indigent defendant and his otherwise identical affluent counterpart.  An affluent defendant in the identical situation would have been sentenced to two concurrent one-year sentences, and would have been incarcerated for exactly one year, with both sentences beginning on the same day and ending on the same day.  But the indigent defendant in *Fugate*, as originally sentenced, would have begun his sentence for Attempted Felonious Assault and ended it 282 days later (365 days minus the 83-day jail-time credit allowed against that sentence).  His Receiving Stolen Property sentence would, of course, have ended earlier, since he would have received 143 days of jail-time credit against that one-year sentence.  But, of course, he would have been incarcerated for 143 days before the day on which both sentences were imposed.  Therefore, he would have been incarcerated for a total of 425 days (143 days of pre-sentence incarceration plus 282 days of post-sentence incarceration), thereby placing him in a worse position than his affluent counterpart, who would only be incarcerated 365 days for the same offenses and sentences.  This would violate Equal Protection.

{¶ 18}  The distinction between the *Fugate* and *Cole* cases and the case before us is that in those two cases, unlike in the case before us, the concurrent sentences began on the same date.

## V.  Ways Is Not Entitled to Jail-Time Credit for the Time He Was Incarcerated Pursuant to the Sentence Previously Imposed for Trafficking in Heroin

{¶ 19}   Jail-time credit is only allowed for:

* * * the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(h)(i) of section 2929.19 of the Revised Code.   R.C. 2967.191.

{¶ 20}   This does not include time that the prisoner was incarcerated by reason of a sentence previously imposed for a different offense, even if that prior sentence is one with which the present sentence is ordered to be served concurrently.   *Bobo v. Dept. of Rehab. & Corr.*, *supra*.

{¶ 21}   Disallowing, for purposes of jail-time credit, periods of time that a prisoner has been incarcerated by reason of a sentence previously imposed and begun does not violate Equal Protection.   In the case before us, Ways's affluent counterpart would be treated no more leniently.   He would begin serving the first day of his eighteen-month sentences for the weapons offenses on March 21, 2012, concurrently with the 37th day of his sentence for Trafficking in Heroin, and would complete that sentence eighteen months later, on September 20, 2013.   He would not get credit against his eighteen-month sentences for the time he had previously served on his twelve-month sentence for Trafficking in Heroin, and neither should Ways.   Ways did apparently spend three days in jail on the Trafficking charge before he made bond, unlike his affluent counterpart, but he was allowed credit for those three days against

both the twelve-month sentence and the eighteen-month sentences, so that he will presumably be released on September 17, 2013, having been incarcerated for three days before any of his concurrent sentences began.

**{¶ 22}** The *Fugate* and *Cole* cases, upon which Ways relies, are inapposite. Because in both of those cases, the concurrent sentences began on the same day, there was no part of one concurrent sentence that had already been served before the second concurrent sentence was imposed. The issue of whether to apply a previously served part of a concurrent sentence as a jail-time credit against the subsequently imposed concurrent sentence did not arise in *Fugate* or *Cole*.

**{¶ 23}** Ways is not entitled to a jail-time credit against his eighteen-month sentences for that part of the twelve-month sentence that had already been served when those sentences were imposed. Ways's sole assignment of error is overruled.

## VI. Conclusion

**{¶ 24}** Ways's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

DONOVAN, J., concurs.

HALL, J., concurring:

**{¶ 25}** I agree with the result reached in this case by the majority. Ways's two cases are separate, distinct, and independent except for the fact that the trial court ordered the prison terms imposed in each case be served concurrently. The jail-time credit granted in one case,

therefore, does not bleed into the other case. I write separately because I think that *State v. Cole*, 2d Dist. Montgomery No. 23327, 2009-Ohio-4580, distinguished by the majority, was wrongly decided and conflicts with the Sixth District's judgment in *State v. Wyburn*, 6th Dist. Lucas No. L-10-1292, 2011-Ohio-142, with which I agree. Just because a court orders that prison terms imposed in two separate cases be served concurrently to each other does not mean that in the later case the defendant is entitled to the jail-time credit he accumulated in a previous case when he accumulated it before he ever committed the later offense.

{¶ 26} Ways's previous case involved a drug-trafficking charge. He was arrested on this charge, and before being released on bail, he apparently spent 3 days in jail. Ways pleaded guilty and was again released on bail while he awaited sentencing. Later, his participation in the electronic-home-detection program was made a condition of bail, but a defendant is not entitled to jail-time credit for the time spent in this program. The trial court sentenced Ways to prison and granted him 3 days of jail-time credit.

{¶ 27} As defense counsel notes in a sentencing memorandum, originally a community-control sanction had been recommended and agreed to by the trial court. But a condition of the court's agreement was not satisfied because Ways failed to stay out of trouble while out on bail. Two days before he was sentenced on the trafficking charge, Ways was indicted in the present case for having a weapon under disability and carrying a concealed weapon. He was arrested and released on bail two days later. Ways pleaded guilty to both of the new charges. The trial court sentenced him to prison for each offense and ordered that the two prison terms be served concurrently. The court ordered that they be served concurrent to the prison term imposed in the drug-trafficking case. The court also granted Ways the 3 days

of jail-time credit that he had accumulated in that previous case. Thus Ways was granted credit that he had accumulated in the previous separate case before he committed the two offenses in this case.

**{¶ 28}** The situation here is different from the situation in which a defendant accumulates jail-time credit in two separate cases and accumulates it at the same time. That was the situation in *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440. In a previous receiving stolen property case, a community-control sanction had been imposed on Fugate. While under that sanction, he was arrested on unrelated charges of burglary and theft. Fugate was held in jail for over 200 days before he was tried on the new charges (and was found guilty on both). Just before sentencing, the trial court held a hearing in the community-control case, and Fugate admitted that his convictions for burglary and theft would violate his previous community control. For the violation, the court sentenced the defendant to prison on the receiving case. The court also ordered that the prison term be served concurrent to the prison terms that it would impose for burglary and theft. The trial court granted Fugate 213 days of jail-time credit that he had accumulated while being held awaiting trial on the burglary and theft charges. Then the court sentenced him to 2 years in prison for the burglary offense, and at a later re-sentencing, to six months in prison for the theft offense, concurrent to each other and concurrent to the previous receiving stolen property case. The court did not grant him any jail-time credit against the burglary and theft sentences.

**{¶ 29}** The Ohio Supreme Court reversed. The Court held that "defendants who are sentenced to concurrent prison terms are entitled to have jail-time credit applied toward all prison terms for charges on which they were held." *Fugate* at ¶ 1. In effect, then, if a

defendant accumulates jail-time credit while being held in multiple cases, the full credit must be applied in each of those cases–a court can't pick and choose among them. To do so would allow a sentencing court to apply jail credit only to selected offenses when in reality the defendant was in custody pending resolution of all.

**{¶ 30}** Unlike in *Fugate* and like in the present case, the trial court in *State v. Cole* granted the defendant jail-time credit that he had accumulated before he committed the offense for which he was sentenced. A community-control sanction had been imposed on the defendant in a previous case. And in that previous case, the defendant had accumulated 60 days of jail-time credit. While under the sanction, the defendant committed and was arrested and jailed for felonious assault. Eventually, the defendant pleaded guilty to one count of felonious assault. He admitted that a felonious-assault conviction would violate community control. The trial court sentenced the defendant to prison for violating community control and sentenced him to prison for felonious assault. The court ordered that the prison terms in the two cases be served concurrently. In the assault case the court granted the defendant jail-time credit of 83 days, which was all the time in custody that accumulated after he committed the felonious-assault. And in the community-control-violation case, the court granted him jail-time credit of 143 days, the same 83 days plus the 60 days that he had accumulated prior to the existence of the felonious assault charge. This Court reversed. Based on *Fugate*, the court held that the defendant was entitled to jail-time credit of 143 days in both cases–despite the fact that he had accumulated the 60 days on the first case before he committed the assault.

**{¶ 31}** I believe that *Cole* misapplied *Fugate*. The correct analysis is like the one used by Judge Yarbrough in *State v. Wyburn*, 6th Dist. Lucas No. L-10-1292, 2011-Ohio-142,

which recognized that *Fugate* "applies only to a defendant entitled to jail-time credit * * * on each charge for which he is actually being held." *Wyburn* at ¶ 13. The situation in *Wyburn* was like that in *Cole* and that in the present case. The defendant argued that he was entitled to jail-time credit that he had accumulated while being held in an earlier separate case, "even though he could not have been 'held on' the [later] charge before his arrest [for that charge]." *Id*. In effect, said Judge Yarbrough, the defendant was "arguing for a forward application of the [previous] jail-time credit *before* his [later] arrest * * *, when he obviously could not have been held simultaneously on both charges." (Emphasis sic.) *Id*. The *Wyburn* court would not allow this.

{¶ 32}    I recognize that *State v. Cole* is the law in this district. And I appreciate the majority's reasonable explanation that the *Cole* result is designed to treat an indigent defendant the same as an affluent defendant, who can post bond. But I don't think the decision always accomplishes that purpose. If the trial court in *Cole* had administratively terminated the previous case and sentenced the defendant only in the assault case, the defendant plainly would not be entitled to the 60 days of jail-time credit: it was time he accumulated in a case other than the one in which he was sentenced and he accumulated it before he ever committed the assault.

{¶ 33}    Accordingly, while I agree with the result and analysis of the particular facts of the case under review, I express my concern that our previous jurisprudence on the issue is incorrect and conflicts with the Sixth District.

. . . . . . . . . . . .

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Marshall G. Lachman
Hon. Barbara P. Gorman