**[Cite as *State v. Ginn*, 2013-Ohio-4726.]**

IN THE COURT OF APPEALS OF OHIO

SECOND APPELLATE DISTRICT

MONTGOMERY COUNTY

STATE OF OHIO                  :

                              :       Appellate Case No. 25707

Plaintiff-Appellee      :

                              :       Trial Court Case No. 12-CR-2162

v.                          :

                              :

BRUCE K. GINN           :       (Criminal Appeal from

                              :           Common Pleas Court)

Defendant-Appellant    :

                              :

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of October, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422

      Attorney for Plaintiff-Appellee

ANDREW D. LUCIA, Atty. Reg. #0067191, Post Office Box 122, Troy, Ohio 45373

      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1} Defendant-appellant Bruce K. Ginn appeals from his conviction and sentence, following a guilty plea, for Operating a Motor Vehicle While Under the Influence, with a prior felony conviction for Operating a Motor Vehicle While Under the Influence, in violation of

R.C. 4511.19(A)(1)(a) and 4511.19(G)(1)(e), a felony of the third degree. His appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he could not find a potential assignment of error having arguable merit. Neither can we. Accordingly, the judgment of the trial court is Affirmed.

## I.   The Course of Proceedings

{¶ 2}    Ginn was charged in a two-count indictment. Count I alleged that Ginn Operated a Motor Vehicle While Under the Influence, with at least three prior OVI convictions within the previous six years, in violation of R.C. 4511.19(A)(1) and 4511.19(G)(1)(d), a felony of the fourth degree. Count II alleged that Ginn Operated a Motor Vehicle While Under the Influence, with a prior felony OVI conviction, in violation of R.C. 4511.19(A)(1) and 4511.19(G)(1)(e), a felony of the third degree.

{¶ 3}    Count I was dismissed on Ginn's motion.

{¶ 4}    Ginn moved to suppress the evidence, but later withdrew that motion.

{¶ 5}    Ginn pled guilty to Count II. At the same hearing, he was sentenced to a prison term of two years, with the first 60 days mandatory. This sentence was ordered to be served concurrently with a sentence previously imposed in another case. Ginn was credited with three days spent in pre-trial confinement. Ginn was ordered to pay a mandatory fine in the amount of $1,350. All this was in accordance with what the trial court indicated it would do during the plea colloquy. (The trial court also indicated that it was disposed to grant judicial release "at approximately six months past his present outdate * * * on the case that he's currently serving

sentence under," "provided that his behavior at the institution would not serve as a disqualifier.") In addition, Ginn's driver's license was suspended for twenty years. He was ordered to pay court costs. The trial court disapproved Ginn both for shock incarceration and for intensive program prison.

{¶ 6}    From his conviction and sentence, Ginn appeals.


## II.   We Find No Potential Assignments of Error Having Arguable Merit

{¶ 7}    Ginn's assigned appellate counsel has filed a brief under the authority of *Anders v. California, supra*, indicating that he could find no potential assignments of error having arguable merit. By entry filed herein on August 1, 2013, we afforded Ginn the opportunity to file his own, pro se brief within 60 days. He has not done so.

{¶ 8}    In his *Anders* brief, counsel has discussed one potential assignment of error. At the plea hearing, trial counsel preserved an issue concerning jail-time credit. It was counsel's position that Ginn should receive credit for the time that he was incarcerated under the sentence in the previous case, while the charge in this case was pending. The trial court disagreed. The State pointed out, however, that Ginn had been incarcerated on the charges in this case for three days while he was on bond in the other case, so that Ginn was at least entitled to three days' jail-time credit.

{¶ 9}    We agree with Ginn's appellate counsel that the issue concerning jail-time credit has no arguable merit. In *State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, ¶ 23, we held that a defendant was not entitled to credit for that part of a sentence imposed in a prior case that had been served before the imposition of a new sentence, even when the new sentence

was ordered to be served concurrently with the prior sentence. The situation in *Ways* is indistinguishable from the situation in the case presently before us.

{¶ 10} Under *Anders v. California, supra*, we have an independent duty to review the record to determine if there are any potential assignments of error having arguable merit. We have done so. Although there was no pre-sentence investigation, a psychological evaluation of Ginn was admitted in evidence at the plea hearing, under seal, and was considered by the trial court at sentencing. We have reviewed that report.

{¶ 11} The plea colloquy was exemplary. During it, Ginn spontaneously complimented his trial attorney for a job well done. The sentence imposed is not contrary to law, and is in accordance with the sentence that the trial court told Ginn it would impose when Ginn tendered his plea. Although the trial court's explanation in the judgment entry for its reasons for disapproving Ginn for shock incarceration and for intensive program prison is sparse, the trial court gave a satisfactory explanation of its reasons at the sentencing hearing:

> The Court will disapprove of the Defendant's placement in a program of shock incarceration in [sic] intensive program prison making the findings that those programs are inconsistent with the purposes and principles of sentencing as well as the seriousness and recidivism factors of the Revised Code noting Mr. Ginn's extensive history of alcohol related offenses, driving while impaired, OVI type offenses.

> And this offense, as I recollect, was committed while he was on bond for the prior case that he is serving sentence for. And those circumstances make those programs inappropriate for him.

{¶ 12}   After an independent review of the record, we find no potential assignments of error having arguable merit.   Accordingly, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.


Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Andrew D. Lucia
Bruce K. Ginn
Hon. Mary L. Wiseman