[Cite as *State v. Bingham*, 2021-Ohio-4102.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-9 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-247 |
| | : | |
| ALFRED J. BINGHAM | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of November, 2021.

. . . . . . . . . . .

SAMANTHA B. WHETHERHOLT, Atty. Reg. No. 0092010, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, 101 Southmoor Circle NW, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Alfred J. Bingham appeals from his conviction for one count of aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree. Bingham filed a timely notice of appeal on February 23, 2021.

{¶ 2} On December 9, 2019, Bingham was indicted in this case on two counts of aggravated possession of drugs, both felonies of the fifth degree. On February 12, 2020, the trial court issued a capias for Bingham with a "statewide pick-up radius." On February 20, 2020, Bingham was indicted in Montgomery C.P. No. 2019-CR-4271 on one count of aggravated possession of drugs, a felony of the fifth degree.

{¶ 3} On May 11, 2020, the trial court in this case reissued the capias with a statewide pick-up radius and set a personal recognizance bond. On May 26, 2020, the trial court in the Montgomery County case issued a capias for Bingham's arrest and bond was set at $5,000 cash or surety.

{¶ 4} On June 1, 2020, Bingham's indictment in this case was amended to include the additional charge of failure to appear as required by recognizance, in violation of R.C. 2937.29/2937.99(A)(B), a felony of the fourth degree. On June 16, 2020, Bingham was arrested and incarcerated at the Montgomery County Jail. While he was incarcerated in Montgomery County, Bingham was served with a copy of the Champaign County indictment. On July 1, 2020, bond was posted on Bingham's behalf in the Montgomery County case, but he was detained at the Montgomery County Jail until he was transported to the Tri-County Jail on July 6, 2020.

{¶ 5} On July 7, 2020, the trial court in this case set Bingham's bond at $1,000 cash or surety, no ten percent. On July 10, 2020, bond was posted on Bingham's behalf.

{¶ 6} On July 14, 2020, the trial court issued an entry with respect to alleged bond violations committed by Bingham, suspended his bond, and ordered him to report to the Tri-County Jail. On July 21, 2020, Bingham was incarcerated at the Tri-County Jail. On July 22, 2020, the trial court released Bingham on a personal recognizance bond, and he was discharged from the Tri-County Jail.

{¶ 7} On August 3, 2020, the trial court in the Montgomery case issued a capias for Bingham and set his bond at $50,000 cash or surety. Bingham was arrested on August 5, 2020, in Montgomery County, but he did not post bond and remained incarcerated.

{¶ 8} On August 7, 2020, the trial court in this case filed an entry with respect to additional alleged bond violations committed by Bingham and issued a capias for his arrest. The trial court also suspended Bingham's personal recognizance bond on that date pending a bond review hearing. On August 12, 2020, the trial court issued an entry for the removal of Bingham from the Montgomery County Jail. On August 24, 2020, Bingham was transported to Champaign County to appear at a hearing, at which the trial court ordered that his personal recognizance bond remain suspended, but the court granted his motion for substitution of counsel. The record establishes that Bingham was transported back to the Montgomery County Jail at the conclusion of the hearing.

{¶ 9} On September 2, 2020, the trial court in this case issued a warrant for removal to the Montgomery County Jail so that Bingham could attend a hearing in Champaign County. Bingham was transported to the Tri-County Jail on September 15, 2020. On September 16, 2020, however, the trial court rescheduled the hearing, and Bingham was transported back to the Montgomery County Jail. On October 8, 2020, the

trial court again continued the hearing. On October 14, 2020, the trial court issued an entry continuing the hearing until November 2, 2020, and it issued a warrant for Bingham's removal from the Montgomery County Jail.

{¶ 10} On October 29, 2020, the trial court in Montgomery County case sentenced Bingham to nine months in prison for aggravated possession of drugs; it awarded him 104 days of jail time credit.

{¶ 11} Bingham remained in the Montgomery County Jail until January 26, 2021, when he was transported to Champaign County, where he pled guilty to Count II, aggravated possession of drugs, in the instant case. In exchange for his guilty plea, the State agreed to dismiss Counts I and III. The trial court sentenced Bingham to 11 months in prison and awarded him 12 days of jail time credit.[1] The trial court also ordered that Bingham's sentence in this case was to be served concurrently with his sentence in Montgomery Case No. 2019-CR-4271. Lastly, the trial court revoked Bingham's personal recognizance bond which had previously been suspended on August 7, 2020.

{¶ 12} It is from this judgment that Bingham now appeals.

{¶ 13} Bingham's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN ITS DETERMINATION OF APPELLANT'S JAIL TIME CREDIT.

{¶ 14} Bingham contends that the trial court erred when it awarded him only 12 days of jail time credit, because the record established that he was entitled to an additional

---

[1] On January 26, 2021, prior to sentencing, Bingham filed a motion for jail time credit from the date of August 7, 2020, when the trial court initially suspended his personal recognizance bond. The trial court orally denied Bingham's motion for jail time credit prior to imposing sentence. The trial court also stated its rationale for denying Bingham's motion for jail time credit in his judgment entry of conviction filed on January 26, 2021.

84 days of credit.

{¶ 15} Jail time credit is governed by R.C. 2967.191, which provides, in part:

The department of rehabilitation and correction shall reduce the prison term

of a prisoner * * * by the total number of days that the prisoner was confined

for any reason arising out of the offense for which the prisoner was

convicted and sentenced, including confinement in lieu of bail while awaiting

trial, confinement for examination to determine the prisoner's competence

to stand trial or sanity, [and] confinement while awaiting transportation to

the place where the prisoner is to serve the prisoner's prison term * * *.

R.C. 2967.191(A). The statute implements the equal protection right to credit for prior

incarceration. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7;

*State v. Angi*, 2d Dist. Greene No. 2011-CA-72, 2012-Ohio-3840, ¶ 7, citing *State v.*

*Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5.

{¶ 16} "Although the [department of rehabilitation and correction] has a mandatory

duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the

trial court that makes the factual determination as to the number of days of confinement

that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v.*

*Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7.

{¶ 17} It is well settled that a "defendant may accrue jail time credit in multiple

cases at the same time, if he or she is held in pretrial confinement in multiple cases

simultaneously." *See, e.g., State v. Pack*, 2d Dist. Montgomery No. 28458, 2020-Ohio-

5033, ¶ 38; *State v. Breneman*, 2d Dist. Champaign No. 2015-CA-16, 2016-Ohio-597,

¶ 26. "Where a later-sentencing court makes its sentence concurrent with an earlier

sentence, a defendant is entitled to jail-time credit in both cases for any time that he was held in pretrial confinement on both cases simultaneously." *State v. Steinmetz*, 2d Dist. Greene No. 2019-CA-40, 2020-Ohio-1145, ¶ 12.

{¶ 18} As previously stated, Bingham argues that he earned additional jail time credit in the amount of 84 days, specifically from August 7, 2020, when the trial court suspended his bond and issued a warrant for his arrest, through October 29, 2020, when he was sentenced in Montgomery Case No. 2019-CR-4271.

{¶ 19} At sentencing, the trial court explained its rationale for calculating Bingham's jail time credit, concluding that he had accrued 12 days of jail time credit in the instant case during the following periods while he was incarcerated: 1) July 1, 2020 through July 5, 2020, when Bingham was held in the Montgomery County Jail on a Champaign County holder; 2) July 6, 2020 through July 10, 2020, when he was held in the Tri-County Jail; and 3) July 21, 2020 through July 22, 2020, when he was held in the Tri-County Jail. In Bingham's judgment entry of conviction, the trial court stated the following:

> In his *Motion*, the Defendant seeks jail time credit in Champaign County from the August 7, 2020 suspension of bond. However, the Defendant's Champaign County bond was not revoked until January 26, 2021.

Journal Entry of Judgment, Conviction, and Sentence, p. 9, fn. 2.

{¶ 20} Bingham was incarcerated in the Montgomery County Jail from August 7, 2020, through October 29, 2020, in lieu of bond when he was sentenced in Montgomery Case No. 2019-CR-4271. Significantly, Bingham's bond had not been revoked by the trial court in Champaign County at that time. Additionally, Bingham was awarded jail

time credit by the trial court in the Montgomery County case for the days he spent incarcerated from August 7, 2020, through October 29, 2020. Furthermore, as ordered by the trial court, Bingham's sentence in the instant case was to be served concurrently with the remainder of his Montgomery County sentence as of January 26, 2021. *See State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, ¶ 22-23. Therefore, Bingham was not entitled to jail time credit in Champaign County for the days he spent incarcerated from August 7 through October 29, 2020, in Montgomery County, and the trial court did not err when it denied his motion for such jail time credit.

{¶ 21} Bingham's sole assignment of error is overruled.

{¶ 22} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Samantha B. Whetherholt
J. David Turner
Hon. Nick A. Selvaggio