[Cite as *State v. Hubbard*, 2025-Ohio-831.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                                   No. 113833

    v.                                   :

MYLAN HUBBARD,                          :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** March 13, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-621732-A and CR-17-621733-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar and Chauncey Keller, Assistant Prosecuting Attorneys, *for appellee*.

Kimberly Kendall Corral and Gabrielle M. Ploplis, *for appellant*.

LISA B. FORBES, P.J.:

{¶ 1} Defendant-appellant, Mylan Hubbard, appeals from a decision of the trial court granting him some, but not all, of the jail-time credit he had requested for time spent in pretrial confinement pending resolution of two burglary cases filed against him. Because Hubbard has fully served his sentences on the burglary cases,

and because any additional jail-time credit on those cases would not apply to the sentence Hubbard is currently serving for a separate felonious-assault case, we dismiss Hubbard's appeal as moot.

## I. Facts and Procedural History

{¶ 2} On July 6, 2016, Hubbard was arrested and detained in the Cuyahoga County Juvenile Detention Center on three different juvenile cases. Two of these cases concerned separately charged burglary counts, while the third case concerned aggravated murder and other related charges. The aggravated murder case was bound over to common pleas court on October 19, 2016, while the burglary cases remained pending in juvenile court. Hubbard was transferred from juvenile detention to the Cuyahoga County Jail following the bindover. On May 30, 2017, a jury acquitted Hubbard on all counts related to the aggravated murder case.

{¶ 3} Following his acquittal, Hubbard remained in pretrial confinement on the two burglary cases. Those cases were eventually bound over to the court of common pleas as Cuyahoga C.P. Nos. CR-17-621732-A and CR-17-621733-A. On September 27, 2017, Hubbard posted bond and was released from jail.

{¶ 4} Hubbard was rearrested on October 11, 2017, on new charges, unrelated to the burglary cases. Those charges became part of Cuyahoga C.P. No. CR-17-623312-E, which, among other things, charged Hubbard with felonious assault and receiving stolen property. The trial court revoked Hubbard's bond in the burglary cases, and Hubbard remained in pretrial confinement until those cases were resolved.

**{¶ 5}** On March 7, 2018, Hubbard pleaded guilty to attempted burglary in case number CR-17-621732-A and pleaded guilty to burglary in case number CR-17-621733-A. The trial court accepted the pleas and proceeded to sentencing on March 29, 2018. The court sentenced Hubbard to an 11-month prison term on the attempted burglary conviction in CR-17-621732-A and a 30-month prison term on the burglary conviction in CR-17-621733-A to run concurrently to each other for an aggregate 30-month term. The court awarded 170 days of jail-time credit to be credited against the concurrent terms. The trial court began its calculation of jail-time credit on the burglary cases from the date of Hubbard's rearrest on October 11, 2017. The trial court did not award any jail-time credit for the time Hubbard had spent in pretrial confinement prior to being released on bond on September 27, 2017.

**{¶ 6}** On July 31, 2018, Hubbard pleaded guilty in CR-17-623312-E to felonious assault with an attached three-year firearm specification, receiving stolen property, and having a weapon while under disability. The trial court sentenced Hubbard to an aggregate nine-year prison term for his crimes to run concurrently to the 30-month aggregate prison term he was already serving in the separate burglary cases. The trial court awarded 300 days of jail-time credit against the nine-year prison term. This reflected the amount of time Hubbard had spent confined from the date of his rearrest on October 11, 2017, until August 7, 2018 — the day before his sentencing hearing in CR-17-623312-E.

{¶ 7} On June 29, 2023, Hubbard filed a motion for additional jail-time credit in case numbers CR-17-621732-A and CR-17-621733-A, the burglary cases. Hubbard sought an additional 448 days of jail-time credit for the time he spent in pretrial confinement awaiting resolution of the burglary cases between his initial arrest on July 6, 2016, and his release on bond on September 27, 2017. Hubbard's motion remained pending before the court for approximately nine months when, on March 13, 2024, Hubbard filed a motion requesting that the court issue a ruling on his motion. Two days later, on March 15, 2024, the State filed a response to the motion for jail-time credit. In its response, the State maintained that Hubbard was, at most, entitled to 192 days of jail-time credit on the burglary cases, inclusive of the 170 days already awarded. The State reached this determination by excluding the time Hubbard had spent in pretrial confinement in the county jail while awaiting disposition of the aggravated murder case.

{¶ 8} Six days after the State filed its response, the trial court granted Hubbard's motion for jail-time credit, in part. Specifically, the court granted Hubbard an extra 22 days of jail-time credit on the burglary cases, for a total of 192 days — the same amount the State had suggested. In doing so, the court impliedly denied Hubbard's request for 448 days of credit. Hubbard now appeals from that decision by raising the following two assignments of error:

> Assignment of Error No. 1: The trial court erred in granting Mr. Hubbard a total of only 192 days of jail-time credit, where he was entitled to a total of 448 additional days.

Assignment of Error No. 2: The trial court erred in deferring to the calculation contained the State's reply thereby failing to conduct its own independent calculation.

## II. Law and Analysis

{¶ 9} Hubbard contends that he is entitled to an additional 448 days of jail-time credit for the time he spent in pretrial confinement awaiting resolution of his burglary cases before he bonded out on September 27, 2017. He also argues that the trial court erred by adopting the State's calculation of jail-time credit rather than conducting its own independent calculation.

{¶ 10} In response, the State asserts that Hubbard's assignments of error are moot because the 30-month sentence on the burglary cases has expired. Hubbard concedes that he has fully served his sentence on the burglary cases. Nevertheless, Hubbard argues that his appeal is not moot because he is still in prison serving the remainder of his nine-year term for the felonious-assault case (CR-17-623312-E), and that, pursuant to the Ohio Supreme Court's decision in *State v. Fugate*, 2008-Ohio-856, he is entitled to have the jail-time credit apply against his sentence in the felonious-assault case. Hubbard further argues that it would violate the Equal Protection Clause of the United States Constitution if this court were to dismiss his appeal as moot, because "he will be imprisoned far longer than is constitutionally appropriate," since a dismissal of his appeal will have the practical effect "of entirely ignoring the 448 days served towards his prison sentence for which he was not originally afforded credit."

{¶ 11} We agree with the State that the issues before the court are moot because the sentence imposed in the burglary cases has been fully served and any jail-time credit for those cases would not apply to the sentence imposed in the felonious-assault case. We further find no equal-protection violation.

{¶ 12} Pursuant to R.C. 2967.191(A), a defendant is entitled to jail-time credit for the total number of days that the defendant was "confined for any reason arising out of *the offense* for which the prisoner was convicted and sentenced." (Emphasis added.) With respect to offenders serving concurrent sentences, Ohio Adm.Code 5120-2-04(E) states that "the department [of rehabilitation and correction] is to independently reduce each sentence or stated prison term for the number of days confined for *that offense*." (Emphasis added.) The plain language of Ohio's jail-time credit provisions thus establishes that jail-time credit accrues only against the offense, or offenses, for which a person was confined while awaiting resolution of the charges. Indeed, the Ohio Supreme Court has confirmed this understanding in its recent decision *State ex rel. Moody v. Dir., Ohio Bur. of Sentence Computation*, 2024-Ohio-5231, where it noted:

> [J]ail-time credit is offense specific: It applies only to the sentence corresponding to the offense for which the prisoner was confined before receiving that sentence. Accordingly, the jail-time credit a prisoner earns from his confinement for a criminal offense for which he was sentenced in one case does not apply against the prisoner's sentence imposed for a different criminal offense in a different case.

*Id.* at ¶ 9, citing *State ex rel. Rankin v. Mohr*, 2011-Ohio-5934, ¶ 2. This court has recently applied these principles in *State v. Houston*, 2025-Ohio-370 (8th Dist.),

when holding that a defendant is not entitled to jail-time credit on one case, for time served in an unrelated case, even when the sentences were imposed concurrently.

{¶ 13} Despite the "offense-specific" nature of Ohio's jail-time credit provisions, Hubbard nevertheless contends that he is entitled to have the additional 448 days[1] of jail-time credit for time spent in pretrial confinement on the burglary cases apply to reduce his sentence on the felonious-assault case because these sentences were imposed concurrently to each other. In support of his argument, Hubbard relies on *Fugate*, a case in which the Ohio Supreme Court stated that "when a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously." 2008-Ohio-856, at ¶ 22. We find *Fugate* distinguishable from Hubbard's case on its facts.

{¶ 14} In *Fugate*, unlike here, the defendant was held in pretrial confinement simultaneously on two separate cases. When the trial court ordered the sentences on those cases to be served concurrently, but applied jail-time credit to only one of the cases, the Ohio Supreme Court reversed. In doing so, the Court noted that "so long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit." *Id*. at ¶ 12. It is important to note that the Court made these statements within the factual context of a defendant who had earned jail-time credit simultaneously on

---

[1] In light of our resolution of this appeal on mootness grounds, we decline to decide whether Hubbard was wrongly denied jail-time credit toward his burglary cases and, if so, in what amount.

each case, but was given jail-time credit against only one of those cases. Thus, we cannot conclude, as Hubbard urges, that *Fugate* stands for the principle that jail-time credit on one case or offense applies to *all* cases or offenses for which concurrent terms are imposed. Rather, the import of *Fugate* is that a trial court may not cherry-pick amongst which concurrent terms it wants to apply jail-time credit to, when credit was equally earned against each term. *Accord State ex rel. Rankin* at ¶ 2.

{¶ 15} As noted, Hubbard concedes he has already served his 30-month sentence for the burglary cases.[2] Thus, there is no remaining burglary sentence to which any additional jail-time credit can be applied, even if this court were to conclude that additional credit was due. Additionally, since jail-time credit applies only to the specific offense for which it has accrued, any credit that might have been owed on the burglary offenses cannot now transfer to the nine-year prison term that Hubbard is currently serving on the felonious-assault case.

{¶ 16} Given these legal constraints on our authority, we dismiss Hubbard's appeal as moot. *See Cyran v. Cyran*, 2018-Ohio-24, ¶ 9 ("The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect. Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." (Citation omitted.));

---

[2] The trial court sentenced Hubbard to an aggregate term of 30 months in prison on the burglary cases on March 29, 2018. Applying the jail-time credit of 192 days awarded, Hubbard's prison term on those cases expired in the spring of 2020.

*see also In re Affidavits for Probable Cause*, 2016-Ohio-856, ¶ 9 (8th Dist.) ("A court has a duty to dismiss an action where the issues raised in that action are moot.").

{¶ 17} Contrary to Hubbard's contention, dismissing this appeal as moot does not result in an equal-protection violation. The practice of awarding jail-time credit for time spent in pretrial confinement, now codified in R.C. 2967.191, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions with the rationale being that the law should not treat those who are able to afford bail differently from those who are unable to afford bail. *See Fugate*, 2008-Ohio-856, at ¶ 7. Thus, to limit any differential treatment between these two groups that would potentially result in less wealthy individuals being imprisoned for longer than their wealthy counterparts, R.C. 2967.191 requires that time spent in pretrial confinement on an offense be credited toward the offender's eventual sentence on that offense. *See id.*

{¶ 18} Hubbard now contends that if this court dismisses his appeal as moot it will violate equal protection principles because he will be imprisoned for 448 days longer than he otherwise should be because he never received credit against his sentence for the time served in jail awaiting trial on his burglary cases. We disagree.

{¶ 19} The nature of concurrent prison terms is perhaps best understood in comparison to that of consecutive prison terms. Consecutive prison terms are prison terms that are served back-to-back, or one after the other. In other words, if consecutive prison terms are imposed, the second prison term cannot begin to be served until the first term has been completed, and so on and so forth. *See Richards*

*v. Eberlin*, 2004-Ohio-2636, ¶ 21 (7th Dist.). In contrast, concurrent prison terms are prison terms that are served simultaneously. *See id.*, citing *Black's Law Dictionary* (7th Ed. 1999) (defining "concurrent sentences" as "[t]wo or more terms of imprisonment, all or part of each term of which is served simultaneously and the prisoner is entitled to discharge at the expiration of the longest term specified"). As a practical matter, what concurrent sentences means is that "a person need not finish serving the first sentence before the time for the second sentence can be served." *Richards* at ¶ 21. Indeed, as another district court has explained:

> "'[T]he fact that sentences run concurrently merely means that the prisoner is given the privilege of serving each day a portion of each sentence.'" *State v. Ways*, 2013-Ohio-293 ¶ 9, quoting *Bobo v. Dept. of Rehab. & Corr.*, 2011-Ohio-4984, ¶ 13 (10th Dist.). "[W]here a sentence is imposed concurrently with a sentence that has already been imposed, and which the defendant has already begun serving, the defendant is given the comparative luxury of serving each day of his second sentence, beginning with the first day, concurrently with a day served on the first sentence." (Emphasis sic.) *Ways* at ¶ 10. "Thus, if the new sentence is imposed and put into execution on the 100th day of the old sentence, the defendant is allowed to serve the first day of his new sentence while, at the same time, serving the 100th day of the old sentence." *Id.*

*State v. Macko*, 2020-Ohio-3410, ¶ 20 (12th Dist.).

{¶ 20} In this case, when Hubbard was sentenced to the 30-month prison term on the burglary cases on March 29, 2018, he had not yet been convicted and sentenced in the felonious-assault case. Hubbard was several months into serving his sentence on the burglary cases when he was sentenced on August 8, 2018, to nine-years in prison on the felonious-assault case. The break between sentencing hearings, in effect, placed Hubbard on two sentencing timelines, with portions of

the two timelines overlapping due to the concurrent nature of the sentences. The first timeline was a 30-month prison term (minus jail-time credit) for the burglary cases that began on March 29, 2018, and the second timeline was a nine-year prison term (minus jail-time credit) for the felonious-assault case that began on August 8, 2018. Thus, from the time he was sentenced on the felonious-assault case it was apparent he was going to remain in prison long after he completed service of his sentence on his burglary cases, without regard to the amount of jail-time credit he received on his burglary offenses. Accordingly, we find no merit in Hubbard's equal-protection argument that he will end up serving a longer sentence than intended if this court dismisses his appeal.

{¶ 21} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LISA B. FORBES, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
DEENA R. CALABRESE, J., CONCUR