[Cite as *State v. Lewis*, 2026-Ohio-996.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case Nos. 25CA1229 |
| | | 25CA1230 |
| Plaintiff-Appellee, | : | |
| | | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| Michael Lewis, | : | **RELEASED 3/18/2026** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

Aaron E. Haslam, Adams County Prosecuting Attorney, and Sean M. Donovan, Assistant Prosecuting Attorney, West Union, Ohio, for appellee.
_____

Hess, J.

{¶1} In appeals we sua sponte consolidated for purposes of decision, Michael Lewis challenges two judgments of the Adams County Common Pleas Court: (1) a judgment in Case No. 20240110 in which the court sentenced him, following a guilty plea, to consecutive 10-month prison terms for two counts of breaking and entering, ordered that this term of incarceration be served concurrent to any term of incarceration in Case No. 20250035, and granted him 129 days of jail-time credit; and (2) a judgment in Case No. 20250035 in which the court sentenced him, following a guilty plea, to 10 months in prison for one count of aggravated possession of drugs, ordered that this term of

incarceration be served concurrent to any term of incarceration in Case No. 20240110, and granted him zero days of jail-time credit. Lewis presents one assignment of error in each appeal asserting the trial court committed plain error by not granting jail-time credit in both case numbers. For the reasons which follow, we overrule the assignment of error and affirm the trial court's judgments.

I. FACTS AND PROCEDURAL HISTORY

{¶2} On May 14, 2024, Lewis was indicted in Case No. 20240110 on two counts of breaking and entering and two counts of theft. On April 7, 2025, he was indicted in Case No. 20250035 on one count of aggravated possession of drugs. The charges in Case No. 20240110 involved the taking of property from two storage units in January 2022. The charge in Case No. 20250035 involved a bond officer's discovery of methamphetamine in Lewis's home in January 2025. On May 29, 2025, in Case No. 20240110, Lewis pled guilty to two counts of breaking and entering in exchange for dismissal of the theft counts, and in Case No. 20250035, he pled guilty as charged.

{¶3} On September 16, 2025, the trial court sentenced Lewis in both cases. In Case No. 20240110, the trial court sentenced Lewis to 10 months in prison on each breaking and entering count to be served consecutively, for an aggregate sentence of 20 months in prison. The court ordered that this term of incarceration be served concurrent to any term of incarceration in Case No. 20250035. The court also granted Lewis 129 days of jail-time credit as of September 16, 2025. In Case No. 20250035, the trial court sentenced Lewis to ten months in prison, ordered that this term of incarceration be served concurrent to any term of incarceration in Case No. 20240110, and granted zero days of

jail-time credit as of September 16, 2025. During the sentencing hearing, both parties told the court they had no objection to its decision regarding the days of credit.

## II. ASSIGNMENT OF ERROR

{¶4} Lewis presents one assignment of error in each appeal: "The trial court committed plain error by not granting jail time credit in both case numbers."

## III. LAW AND ANALYSIS

### A. Positions of the Parties

{¶5} Lewis contends that the trial court committed plain error by not granting jail-time credit in both case numbers. Lewis maintains that "[w]hen cases are ordered to be served concurrently, the trial court must grant jail time credit in both case numbers." Lewis asserts that pursuant to R.C. 2967.191, so long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence, and a court cannot choose one of several concurrent terms against which to apply the credit. He asserts the trial court made such a choice when "[i]t determined which of the two cases being served concurrently would receive jail time credit," and in doing so, improperly denied him jail-time credit on all cases. He asks us to remand to the trial court to properly calculate jail-time credit on both cases.

{¶6} The State asserts that R.C. 2967.191 does not apply when an offender is imprisoned because of another unrelated offense. The State maintains that Lewis's cases are unrelated and that he has not shown that he was entitled to jail-time credit in both cases. The State asserts that Lewis does not specify how many days of credit he is entitled to or provide citation to the record in support of his argument. The State claims nothing in the record establishes Lewis was confined in Case No. 20250035.

B.  Standard of Review

**{¶7}**  "A party asserting plain error must demonstrate that an obvious error occurred and that there is a reasonable probability it resulted in prejudice, meaning it affected the outcome of the proceeding."  *State v. Raines*, 2024-Ohio-3236, ¶ 55 (4th Dist.), citing *State v. Knuff*, 2024-Ohio-902, ¶ 117.

C.  Analysis

**{¶8}**  Lewis does not identify any error the trial court made when it granted jail-time credit in Case No. 20240110, and he failed in his burden to demonstrate that the trial court committed plain error by not granting jail-time credit in Case No. 20250035.

**{¶9}**  R.C. 2967.191(A) states:

> The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was *confined for any reason arising out of the offense for which the prisoner was convicted and sentenced*, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility.  The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

(Emphasis added.)

**{¶10}**  R.C. 2929.19(B)(2)(g)(i) states:

> (2) . . . [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
>
> . . .

(g)(i) Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been *confined for any reason arising out of the offense for which the offender is being sentenced* and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term . . . .

(Emphasis added.).

**{¶11}** Adm.Code 5120-2-04(E) states:

If an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the department [of rehabilitation and correction] is to independently reduce each sentence or stated prison term for the number of days *confined for that offense*. Release of the offender is based upon the longest definite, minimum and/or maximum sentence or stated prison term after reduction for jail time credit.

(Emphasis added.)

**{¶12}** The fact that the trial court ordered Lewis to serve the terms of incarceration in both cases concurrently does not mean he is automatically entitled to the 129 days of jail-time credit granted in Case No. 20240110 in Case No. 20250035. "The plain language of Ohio's jail-time credit provisions . . . establishes that jail-time credit accrues only against the offense, or offenses, for which a person was confined while awaiting resolution of the charges." *State v. Hubbard*, 2025-Ohio-831, ¶ 12 (8th Dist.). As the Supreme Court has explained "jail-time credit is offense specific: It applies only to the sentence corresponding to the offense for which the prisoner was confined before receiving that sentence." *State ex rel. Moody v. Dir., Bur. of Sentence Computation*, 2024-Ohio-5231, ¶ 9.

**{¶13}** In *State v. Fugate*, 2008-Ohio-856, a case cited by Lewis, the Supreme Court did state: "So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot

choose one of several concurrent terms against which to apply the credit." *Fugate* at ¶ 12. The Supreme Court also stated that "we hold that when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at ¶ 22. But in *Fugate*, "the defendant was held in pretrial confinement simultaneously on two separate cases." *Hubbard* at ¶ 14. Thus, the Supreme Court "made these statements within the factual context of a defendant who had earned jail-time credit simultaneously on each case, but was given jail-time credit against only one of those cases." *Id. Fugate* does not stand for the principle "that jail-time credit on one case or offense applies to *all* cases or offenses for which concurrent terms are imposed." (Emphasis in original.) *Id.* "Rather, the import of *Fugate* is that a trial court may not cherry-pick amongst which concurrent terms it wants to apply jail-time credit to, *when credit was equally earned against each term*." (Emphasis added.) *Id.*

{¶14} Lewis does not direct our attention to anything in the record to support the position that he is entitled to jail-time credit in Case No. 20250035. *See* App.R. 16(A)(7) (an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the . . . parts of the record on which appellant relies"). Although the trial court sentenced Lewis in both cases at the same time and ordered that he serve the terms of incarceration imposed in both cases concurrently, Lewis was indicted in Case No. 20240110 several months before the event which resulted in his indictment in Case No. 20250035 occurred, and the two cases are unrelated. Lewis does not cite anything in the record indicating that prior to sentencing, he was confined

for any reason arising out of the aggravated possession offense in Case No. 20250035, let alone confined for the 129 days the court granted him credit for in Case No. 20240110. """It is not the duty of [an appellate] court to search the record for evidence to support an appellant's argument as to alleged error."""  (Bracketed text in original.)  *State v. Pyles*, 2018-Ohio-4034, ¶ 45 (4th Dist.), quoting *Lias v. Beekman*, 2007-Ohio-5737, ¶ 6 (10th Dist.), quoting *State ex rel. Petro v. Gold*, 2006-Ohio-943, ¶ 94 (10th Dist.).  Accordingly, we overrule the assignment of error and affirm the trial court's judgments.

JUDGMENTS AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENTS ARE AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**